HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEMAYEHU JIMMA,

        Plaintiff,

v.

STATE OF WASHINGTON,

        Defendant.

CASE NO. C18-1750 RBL

ORDER REVOKING IFP

THIS MATTER is before the Court on its own Motion following the *sua sponte* transfer of this case to this Court. [Dkt. # 5] Plaintiff Jimma previously sought and obtained leave to proceed in forma pauperis, apparently on the strength of his proposed Complaint [Dkt. # 1-1].

That complaint alleges that the "State of Washington":

> Denied due process and equal protection of the law, Case #14-5-0045-2-SEA - 17-2-33119-8SEA

ORDER REVOKING IFP - 1

[Dkt. # 1-1 at 3]. He also claims that "the Court's actions" cost him his transportation business [Dkt. 1-1 at 5]. Jimma provides the Defendant State's address as a Tacoma P.O. Box, but he seems to be complaining about something that happened in King County Superior Court.

Jimma also claims the State "failed to protect child and has not completed abuse investigation." He claims he "was denied DNA" and seeks $2 million. He asks this Court to determine custody support and establish rights of parentage." [*Id*.] The last page of his Complaint describes sexual and physical abuse of "the child" which he claims is demonstrated in "the court record." This again suggests that there was already some sort of King County judicial proceeding that Jimma is complaining about here. The Complaint does not say whether Jimma claims the child is his, or claims that the child is *not* his. Finally, Jimma claims he has suffered "racial, nationality, religious and name" discrimination, though the person or entity that engaged in such conduct, or the time place or manner of it, is not identified.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

1    A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

   Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

   Jimma's complaint does not meet this standard. Because even the most basic facts behind the complaint are unknown, the basis of this Court's jurisdiction over his claims is not clear—if Jimma is suing here to undo a decision of "the [State] Court"—the King County Superior Court—this Court does not have jurisdiction over that claim. This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Even if Jimma is not effectively appealing the decisions in the cases he identified, his complaint does not articulate a plausible claim against anyone. He has not set forth any facts from which this Court can determine the "who, what, when, where, and why" of the various injuries he claims he (and "the child") have suffered. In short: What happened?

Jimma has not identified the person(s) who denied him any sort of right or violated his rights, or discriminated against him, or when or how or why that happened. Without such factual context, he has failed to state a plausible claim, and he is not entitled to proceed *in forma pauperis*.

Jimma's *in forma pauperis* status is **REVOKED**. He shall file an amended complaint addressing the deficiencies identified in this order, or pay the filing fee, **within 21 days**. If he does not do so, this matter will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 12th day of December, 2018.

_____
Ronald B. Leighton
United States District Judge